UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARON HAMIEL,

        Petitioner,

v.                                                              CASE NO. 2:06-14461
                                                          HONORABLE GEORGE CARAM STEEH

THOMAS BELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Karon Hamiel has filed a *pro se* application for the writ of habeas corpus. The habeas petition challenges Petitioner's sentence of fifteen to thirty years for a narcotics crime. Having reviewed the pleadings and record, the Court concludes that Petitioner is not entitled to relief. Therefore, his habeas petition must be denied.

**I. Background**

Petitioner was charged in Macomb County, Michigan with one count of delivery of 225 to 649 grams of cocaine and two counts of delivery of 50 to 249 grams of cocaine. On June 25, 2002, he pleaded guilty to delivery of 225 to 649 grams of cocaine. *See* Mich. Comp. Laws § 333.7401.[1] In return, the prosecutor dismissed the other two counts and agreed to recommend a minimum sentence of twenty years.

At the sentencing on July 30, 2002, the prosecutor recommended a minimum sentence of fifteen years due to Petitioner's cooperation with the police. Although the mandatory minimum

---

[1] The actual amount delivered was 341 grams.

sentence for Petitioner's crime was twenty years in prison at the time, the trial court agreed that there were substantial and compelling reasons for deviating from the mandatory minimum. Consequently, the trial court accepted the prosecutor's recommendation and sentenced Petitioner to imprisonment for fifteen to thirty years.

In 2003, Petitioner moved for re-sentencing on the ground that a new state law had eliminated the mandatory minimum penalty for his crime. The trial court denied Petitioner's motion on the grounds that it had already reduced Petitioner's penalty by five years and the sentence was proper at the time it was imposed. The Michigan Court of Appeals denied leave to appeal the trial court's decision "for lack of merit in the grounds presented." *People v. Hamiel*, No. 250775 (Mich. Ct. App. Nov. 18, 2003). On May 28, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Hamiel*, No. 125409 (Mich. Sup. Ct. May 28, 2004).

Petitioner then filed a motion for relief from judgment, alleging that his sentence was cruel or unusual punishment and amounted to a violation of the Ex Post Facto Clause. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Hamiel*, No. 267818 (Mich. Ct. App. Aug. 2, 2006). On October 3, 2006, the Michigan Supreme Court rejected Petitioner's subsequent application for leave to appeal as untimely.

Petitioner filed his habeas corpus petition on October 12, 2006. The ground for relief and supporting facts read:

> Mr. Hamiel is entitled to be re-sentenced due to the elimination of the mandatory minimum [sentence].
>
> The Michigan Legislature eliminated the mandatory minimum sentences in drug

2

cases on March 1, 2003. At that time of the law change, I was on direct appeal
from my July 30, 2002 sentence.

Respondent argues in an answer to the habeas petition that Petitioner's claim is not cognizable on habeas review because it is based entirely on a perceived error of state law.

## II. Standard of Review

A habeas petitioner is entitled to the writ of habeas corpus if the state court's adjudication of his claims on their merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly

3

established federal law was objectively unreasonable." *Id*. at 409.

**III. Discussion**

As noted, in July of 2002 when Petitioner was sentenced, the mandatory penalty for his crime was a minimum sentence of twenty years in prison and a maximum term of thirty years. In December of 2002, the Michigan Legislature eliminated the mandatory minimum sentence for Petitioner's crime and established a maximum penalty of twenty years.[2] The law became effective date on March 1, 2003, and state courts have concluded that the amended law applies only prospectively. *See People v. Doxey*, 263 Mich. App. 115, 122; 687 N.W.2d 360, 364 (2004). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

**A. *Griffith v. Kentucky***

Petitioner alleges that the state court decisions in his case are contrary to *Griffith v. Kentucky*, 479 U.S. 314 (1987), in which the Supreme Court held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Id*. at 328. By "final," the Supreme Court meant "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted,

---

[2] As explained in *People v. Muniz*, No. 255564, 2005 WL 2573345 (Mich. Ct. App. Oct. 13, 2005) (unpublished opinion),

> 2002 PA 665 and 2002 PA 670, effective March 1, 2003, amended MCL 333.7401 to establish an entirely new offense and sentencing scheme. The amendments eliminated mandatory minimum sentences for certain offenses, and made consecutive sentencing discretionary with the trial court.

4

and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6. Petitioner argues that he is entitled to be re-sentenced because his case was pending on direct review when the state legislature eliminated the mandatory minimum sentence for his crime.

The flaw in Petitioner's argument is that *Griffith* applies to new constitutional rules of criminal procedure. *See id.* at 320 and 322. A state's penalty for a crime is not a constitutional rule of criminal procedure. Furthermore, states may determine the retroactivity of their own laws. *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973); *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364 (1932). Petitioner's constitutional rights were not violated by the State Legislature's decision to apply its more lenient sentencing rules only prospectively. *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004); *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

### B. The Ex Post Facto Clause

It is well settled that

> any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.

*Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925).

The Michigan statute in question made the punishment for Petitioner's crime less burdensome, not more burdensome. Therefore, the Ex Post Facto Clause is not implicated by the amended statute.

### C. Cruel and Unusual Punishment

One could argue that Petitioner's sentence is cruel and unusual punishment. However, a plurality of the Supreme Court has held that the Eighth Amendment to the United States Constitution contains no proportionality guarantee. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). The Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). In *Harmelin*, the Supreme Court upheld a sentence of life imprisonment without the possibility of parole for simple possession of 672 grams of cocaine. If life imprisonment without the possibility of parole for possession of 672 grams of cocaine is constitutionally permissible, Petitioner's sentence of fifteen to thirty years with the possibility of parole for delivery of 341 grams of cocaine is constitutional.[3] "Indeed, the Supreme Court has never held unconstitutional a sentence less severe than life imprisonment without the possibility of parole." *Coleman v. DeWitt*, 282 F.3d 908, 915 (6th Cir. 2002). This Court is compelled to conclude that Petitioner's sentence is not grossly disproportional or unconstitutional.

## IV. Conclusion

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent. Accordingly, the application for a writ of habeas corpus is DENIED.

Dated: September 6, 2007

        S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

[3] Petitioner was twenty-nine years old at the time of his plea in 2002.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 6, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk